IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Eastern Division

| | |
|---|---|
| KB GLENN INVESTMENTS, LLC )<br>14660 Rothgeb Drive, Suite 201 )<br>Rockville, MD 20850 )<br>  )<br>                          Plaintiff )<br>  )<br>v.                                                                       )<br>  )<br>CRITERION GROUP, LLC )<br>28-18 Steinway Street )<br>Astoria, NY 11103 )<br>Serve: Secretary of the Commonwealth of Virginia )<br>  )<br>                          Defendant ) | Civil Case No. 1:22-cv-971 |

COMPLAINT
(Declaratory Judgment)

Plaintiff, KB Glenn Investments, LLC, for its Complaint against Criterion Group, LLC, states as follows:

PARTIES

1.  Plaintiff, KB Glenn Investments, LLC ("KB Glenn") is a Maryland limited liability company, with its principal place of business located in Montgomery County, Maryland. The members of KB Glenn are citizens of Maryland and Virginia.

2.  Defendant, Criterion Group, LLC ("Criterion") is a New York limited liability company. On information and belief, the members of Criterion are Kabir Khan and Yung Ching Siu, who are citizens of New York.

JURISDICTION AND VENUE

3.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because (i) it is between citizens of different States, and (ii) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. Venue is appropriate in this Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred, and the property that is the subject of the action is situate, in this Division.

## FACTUAL BACKGROUND

5. KB Glenn owns certain real property located in Loudoun County, Virginia, commonly known as 22675 Glenn Drive, Sterling, Loudoun County, Virginia 20166 ("Property").

6. Pursuant to an Agreement to Purchase Real Estate made as of April 11, 2022 ("Agreement"), KB Glenn agreed to sell, and Criterion agreed to buy, the Property on the terms set forth in the Agreement.

7. The Agreement provides, *inter alia*, that the closing on the Agreement was to occur on or before 30 days after expiration the expiration the Due Diligence Period[1] (Section 1.1), and that time is of the essence (Section 14.4(i).

8. Pursuant to the Agreement, Criterion paid an Earnest Money Deposit of an Initial Deposit of $250,000, and a Secondary Deposit of $150,000.

9. Pursuant to the Agreement, the Earnest Money Deposit was paid to Walker Title, LLC in Fairfax County, Virginia, as "Escrowee."

10. Pursuant to a First Amendment to Agreement to Purchase Real Estate made as of May 19, 2022 ("Amendment"), KB Glenn and Criterion agreed, *inter alia*, that:

    (A) The Closing Date shall occur on or before July 20, 2022;

    (B) Escrowee shall release directly to the Seller the Initial Deposit and the Secondary Deposit, in the total amount of $400,000.00;

    (C) Criterion shall deposit an additional sum of $600,000.00 (the "Extension Deposit", and together with the Initial Deposit and the Secondary Deposit, the "Earnest Money Deposit") in cash with the Escrowee, which shall be deposited into the existing joint order escrow account;

---

[1] Unless otherwise indicated or defined herein, all capitalized terms used herein shall have the meaning ascribed to them in the Agreement.

    (D)    The Earnest Money Deposit shall be non-refundable to Criterion in the event Criterion defaults or otherwise fails to satisfy its obligations under the Agreement;

    (E)    Except as specifically amended in the Amendment, all terms and conditions of the Agreement shall remain in full force and effect; and

    (F)    Time shall continue to be of the essence in the Agreement.

11.    Pursuant to the Amendment, the Escrowee released the Initial Deposit and the Secondary Deposit to KB Glenn, and Criterion paid the Extension Deposit to Escrowee, who continues to hold the Extension Deposit.

12.    Criterion failed to close on the Agreement and on the sale of the Property on July 20, 2022.

13.    As a result of its failure to close on the Agreement on July 20, 2022, Criterion defaulted under the Agreement.

14.    By letter dated July 22, 2022, KB Glenn gave notice of default to Criterion and opportunity to cure the default within seven (7) business days, in accordance with the terms of the Agreement. Agreement, Article 15.

15.    Criterion failed and refused to cure the default, and has failed and refused to state that it was/is ready, willing and able to close on the Agreement.

16.    The Agreement provides that "If Purchaser shall default in the performance of any of its obligations under this Agreement, Seller's sole and exclusive remedy shall be liquidated damages in the amount of the Earnest Money Deposit that Purchaser is obligated to deposit with Escrow Agent pursuant to the terms of this Agreement." Agreement, Article 15.  Similarly, the Amendment provides that "The Earnest Money Deposit shall be non-refundable to Criterion in the event Criterion defaults or otherwise fails to satisfy its obligations under the Agreement." Amendment, ¶D.

17. As a result of Criterion's default under the Agreement, and pursuant to the terms of the Agreement and the Amendment, KB Glenn is entitled to retain the Initial Deposit and the Secondary Deposit, and it is also entitled to receive and retain the Extension Deposit.

18. By letter dated August 3, 2022, KB Glenn gave notice of the termination of the Agreement, and it made request to Escrowee under the Agreement to release the Extension Deposit to KB Glenn.

19. Escrowee has refused to release the Extension Deposit to KB Glenn citing the objection or lack of consent of Criterion.

20. KB Glenn was, at all times ready, willing and able to close on the Agreement.

## COUNT I
Declaratory Judgment; 28 U.S.C. § 2201)

21. The allegations of paragraphs 1 through 20 are incorporated herein by reference.

22. An actual controversy exists between the KB Glenn and Criterion regarding the existence of Criterion's uncured default and KB Glenn's entitlement to the Earnest Money Deposit under the Agreement.

23. As a result of Criterion's default, KB Glenn is entitled to retain the Initial Deposit and the Secondary Deposit, and it is entitled to receive and retain the Extension Deposit.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, KB Glenn Investments, LLC, requests that the Court enter judgment in its favor, and against defendant, Criterion Group, LLC and declare:

(i) that Criterion Group, LLC defaulted under the Agreement, as amended;

(ii) that KB Glenn Investments, LLC properly terminated the Agreement, as amended;

(iii) that KB Glenn Investments, LLC is entitled to receive and retain the Earnest Money Deposit, including the Extension Deposit; and

(iv) for such other and further relief, whether at law or equity, general or specific, to which KB Glenn Investments, LLC may otherwise be justly entitled.

Respectfully submitted,

*/s/ Jeffrey M. Mervis*

_____
Jeffrey M. Mervis, VSB 30794
The Mervis Law Firm, LLC
12505 Park Potomac Avenue, 6th Fl.
Potomac, MD 20854
Tel: 301-762-0020
Fax: 301-762-0229
jmervis@mervislaw.com
Counsel for plaintiff,
KB Glenn Investments, LLC